(10 Misc. Rep. 417.)

MAYOR, ETC., OF CITY OF NEW YORK v. NEW YORK & H. R. CO.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

STREET RAILROADS—REGULATION BY ORDINANCE.
Defendant street railroad company was incorporated under Laws 1831, c. 263, which authorized the maintenance of the railroad for a period of 30 years, and provided that it was to be constructed and used only with the consent of the city, which was thereby authorized "to regulate the time and manner of using the same." Laws 1872 authorized the railroad company to exercise the "same rights and privileges as are now possessed by it." *Held*, that the city had authority to pass an ordinance requiring defendant to run its cars during certain periods of the day, at intervals of not less than 20 minutes.

Appeal from Ninth district court.

Action by the mayor, aldermen, and commonalty of the city of New York against the New York & Harlem Railroad Company. From a judgment in favor of plaintiff, rendered by a justice, without a jury, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry H. Anderson, for appellant.
Henry J. Appel, Jr., for respondent.

BISCHOFF, J. This action was brought to recover a penalty alleged to have been incurred by the defendant through its violation of a certain ordinance adopted by the board of aldermen of the city of New York, whereby all railway companies operating lines of cars in the streets of the city were required to run their cars during certain periods of the day at intervals of not less than 20 minutes. Upon the trial no question as to the reasonableness of this requirement was raised, and it was admitted that the defendant had failed to operate its line of cars in Madison avenue between Eighty-Sixth and Ninety-Sixth streets, as alleged in the complaint; the question litigated being confined to the validity of the ordinance noted as against this defendant, and the issue presented involved solely a question of law. The case of Mayor, etc., of City of New York v. Dry Dock E. B. & B. R. Co., 133 N. Y. 104, 30 N. E. 563,

where the principal discussion was confined to the question of reasonableness of the ordinance, is not therefore of particular applicability to the case at bar. The defendant company was incorporated by chapter 263 of the Laws of 1831, and by the terms of its charter was authorized to construct and operate a line of railway "from any point on the north bounds of Twenty-Third street to any point on the Harlem river between the east bounds of the Third avenue and the west bounds of the Eighth avenue," and was vested with the right and privilege of maintaining such line of railway for the term of 30 years from the passage of the act. It was further provided that the line was to be constructed and used only with the consent of the mayor, aldermen, and commonalty of the city of New York, who were thereby authorized to grant or refuse such consent, and, after the railway had been constructed, "to regulate the time and manner of using the same." This act provides that, in the operation of the railway thus authorized to be constructed, the company "shall have and exercise the same rights and privileges which are now possessed and exercised under former grants and laws," and there are no former grants or laws in evidence other than the act of 1831 referred to, the rights obtained under which act are modified by the restrictive clause therein contained. Under this clause it is clear that the ordinance in question, directing the manner in which the railway should be operated, is authorized and binding upon this defendant. The act of 1872 cannot be construed as intending that any greater privileges than were enjoyed by the corporation under its former grant were thereby conferred. The wording of the act provides for the exercise of the "same" privileges, and these necessarily were defined and limited by the restrictions originally placed upon the rights conferred. In construing the statute of 1831, effect is to be given to all of its terms, and the express benefits to be derived thereunder must be considered in the light of the accompanying restrictions for the ultimate determination as to what the "rights and privileges" granted by the legislature may be. The fact that this earlier statute granted the right to maintain the railway for a period of but 30 years thereafter is unimportant to the question of construction here raised. Whether or not during the interval of time from April, 1861, to May, 1872, this corporation operated its railway under a grant or law made or enacted subsequent to April, 1831, does not appear from the evidence; but, in construing the defendant's charter in the light of what is before the court, the conclusion is that the ordinance upon which the action is founded is operative against such defendant by the force of the terms accepted by it from the legislature. We are not to assume that the rights and privileges conferred by the act of 1831 were altered in terms by any grant or law of date subsequent thereto, nor has our attention been directed to any such; and having no judicial knowledge of the existence of such a grant, nor of the enactment of a statute necessarily private in nature (Leland v. Wilkinson, 6 Pet. 317, 322; State v. Twitty, 11 Am. Dec. 781, note), we affirm the judgment upon the evidence presented to the justice below. Judgment affirmed, with costs.